1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT
8                         NORTHERN DISTRICT OF CALIFORNIA
9

10   SAIID MOHAMED,                          Case No.  25-cv-04174-RS
                    Plaintiff,
11
         v.
12                                           **ORDER GRANTING MOTION TO
                                             DISMISS**
13   NAVY FEDERAL CREDIT UNION,
                    Defendant.
14

15                                **I. INTRODUCTION**

16          Plaintiff Saiid Mohamed, a Department of Defense contractor, sued Defendant Navy

17   Federal Credit Union ("NFCU") in California state court, averring the unlawful and discriminatory

18   closure of his account as well as publication of false and defamatory credit information and

19   obstruction of his access to financial services.  He claims that his credit score dropped

20   precipitously due to false fraud allegations that Defendant levied, ultimately costing him the denial

21   of a $100,000 business loan and reputational harm within his profession.

22          Following removal to federal court, Defendant moves to dismiss all ten causes of action in

23   the complaint for failure to state a claim.  For the reasons explained below, the motion to dismiss

24   is granted with leave to amend.

25                                **II. BACKGROUND**

26          The parties' familiarity with the relevant facts is assumed.  In short, Plaintiff avers that he

27   opened an account with Defendant and deposited $250 in January 2025.  He applied for a credit

28   card and a secured loan, and NFCU confirmed his membership approval and good standing.  Less

United States District Court
Northern District of California

1    than two weeks later, however, his credit card was declined; upon contacting Defendant, he

2    learned that it had frozen his account due to suspected membership fraud.  He provided

3    identification and verification documents, but Defendant refused to unfreeze the account and

4    instead closed it.  Defendant subsequently reported credit information to credit bureaus, leading to

5    a drop in Plaintiff's credit score.

6         According to the complaint, Pentagon Federal Credit Union later approved Plaintiff for a

7    full-service account based on the same documents that Defendant rejected.  Defendant also

8    allegedly failed to provide any written notice of adverse action or findings regarding its fraud

9    investigation.  Plaintiff further avers that SoFi Bank denied him a $100,000 business loan as a

10   result of Defendant's actions.  He claims to have filed a complaint with the Consumer Financial

11   Protection Bureau ("CFPB"), and he also claims that his experience derives from discriminatory

12   bias toward his race and national origin.

13                          **III. LEGAL STANDARD**

14        A complaint must contain "a short and plain statement of the claim showing that the

15   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While "detailed factual allegations" are not

16   required, a complaint must have sufficient factual allegations to state a claim that is "plausible on

17   its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544,

18   555, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that

19   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

20   alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  This standard asks for "more than a sheer

21   possibility that a defendant has acted unlawfully."  *Id.*  The determination is a context-specific task

22   requiring the court "to draw on its judicial experience and common sense."  *Id.* at 679.

23        A motion to dismiss a complaint under Rule 12(b)(6) tests the legal sufficiency of the

24   claims alleged in the complaint.  *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th

25   Cir. 2011).  Dismissal may be based on either the "lack of a cognizable legal theory" or on "the

26   absence of sufficient facts alleged under a cognizable legal theory."  *Id.* at 1242 (internal quotation

27   marks and citation omitted).  When evaluating such a motion, the court must accept all material

United States District Court
Northern District of California

28

1  allegations in the complaint as true and construe them in the light most favorable to the non-

2  moving party.  *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017).

3  "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat

4  a motion to dismiss for failure to state a claim."  *Caviness v. Horizon Cmty. Learning Ctr., Inc.*,

5  590 F.3d 806, 812 (9th Cir. 2010) (internal quotation marks and citation omitted).

## IV. DISCUSSION

7       Defendant moves to dismiss all claims in the complaint, arguing that Plaintiff fails to state

8  a claim in each instance.  For the reasons explained below, the motion is granted.

### A.    Breach of Contract

10      Defendant urges the dismissal of Plaintiff's breach of contract claim, contending that it

11  fails because Plaintiffs does not identify the specific contractual provision allegedly breached.

12  "To properly plead breach of contract, '[t]he complaint must identify the specific provision of the

13  contract allegedly breached by the defendant.'"  *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d

14  1056, 1064 (N.D. Cal. 2016), *aff'd*, 700 F. App'x 588 (9th Cir. 2017) (citing *Donohue v. Apple,

15  Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012).

16      The complaint does not provide this necessary identification, as Plaintiff appears to

17  concede by not addressing the matter in his opposition brief.  Indeed, the complaint does not even

18  clearly identify which particular contract is at issue.  It seems to be the account agreement, but if

19  anything, that contract provides for Defendant's actions: pursuant to the relevant disclosures, Navy

20  Federal can restrict or limit an account when it "receive[s] conflicting information or instructions

21  regarding account ownership, control, or activity."  *See* Abbott Decl., Ex. A; Dkt. No. 6-2 at 1

22  ("Account Disclosures").[1]  It also did not require any adverse action notices, contrary to Plaintiff's

23  allegations, and it advised that Navy Federal may report information to credit bureaus.  Thus, not

24  only is it unclear what part of the contract was breached by the challenged action, but it appears

---

26  [1] The agreement referred to in the complaint is incorporated by reference, and its truth is assumed
27  for the purposes of evaluating the instant motion.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899
   F.3d 988, 1003 (9th Cir. 2018).

28

United States District Court
Northern District of California

from the face of the only contract plausibly at issue that Defendant's actions were not a breach at all. At any rate, the failure to identify the specific contractual provisions breached is fatal to Plaintiff's breach of contract claim, and that claim is therefore dismissed, with leave to amend.

**B.      Fair Credit Reporting Act**

Defendant next contends that Plaintiff's FCRA claim fails because he never filed a dispute with a credit reporting agency ("CRA"), the threshold requirement for the private right of action under 15 U.S.C. § 1681s-2(b). To state a claim under § 1681s-2(b), Plaintiff must allege that: "Defendant is a 'furnisher'; (2) Plaintiff notified the CRA that Plaintiff disputed the reporting as inaccurate; (3) the CRA notified the furnisher of the alleged inaccurate information of the dispute; (4) the reporting was in fact inaccurate; and (5) Defendant failed to conduct the investigation required by [15 U.S.C.] § 1681s-2(b)(1)." *Aranda v. Nissan Motor Acceptance Corp.*, No. 2:21-cv-03451-CBM-PDx, 2023 WL 3564931 at *2 (C.D. Cal. March 21, 2023).

The complaint contains no allegations about submitting a dispute to any CRA, so it fails to meet the second element of the FCRA claim.[2] Although Plaintiff alleges submitting disputes or complaints to the CFPB and Defendant, such submissions are insufficient under the statute. *See Smith v. Cap. One Bank (USA)*, No. C21-5867RSL, 2022 WL 2952410, at *2 (W.D. Wash. July 26, 2022) (notice to CFPB and Washington State Attorney General insufficient); *Higley v. Newrez, LLC*, No. 3:22-cv-01474-IM, 2023 WL 2968240, at *4 (D. Or. Apr. 17, 2023) (notice to CFPB not sufficient to state a claim under § 1681s-2(b)); *Obeng-Amponsah v. Fin. Am., LLC*, No. EDCV 09-96-GHK (JCX), 2009 WL 10646147, at *6 (C.D. Cal. Dec. 21, 2009) (under the FCRA, "a consumer's direct notification to the furnisher does not trigger any obligation for the furnisher"). "The duties imposed upon a furnisher of information are triggered upon notice of a dispute from a consumer reporting agency, not from the consumer himself." *Smith*, 2022 WL 2952410, at *2 (citing 15 U.S.C. § 1681(a)(2)(A) and 1681s-2(b)). The claim is therefore

---

[2] Plaintiff's opposition brief alleges that he filed a written dispute with Experian in March 2025, but because this averment is not in the complaint, and absent any evidence of which the court could take judicial notice, this note in the brief is insufficient to state a claim.

United States District Court
Northern District of California

1   dismissed with leave to amend.[3]

2   **C.    Equal Credit Opportunity Act ("ECOA")**

3       Defendant next moves to dismiss Plaintiff's third claim, which alleges that Defendant failed to

4   provide a written statement of the reasons for its actions in violation of 15 U.S.C. § 1691(d)(2).

5   Moreover, according to Plaintiff, he was subjected to this denial in a way that similarly situated

6   non-Black or non-U.S.-born applicants would not be subjected.  In his opposition to dismissal,

7   Plaintiff further explains that he makes this argument via inference and circumstantial evidence,

8   relying on the juxtaposition between his success opening accounts at other institutions and the

9   failure of his efforts with Defendant.

10      Plaintiff's opposition fails to show that his ECOA claim satisfies the relevant standard, which

11  requires alleged facts showing that: (1) he was a member of a protected class; (2) he applied for

12  credit from the defendant; (3) he qualified for the credit; and (4) defendant denied him credit

13  despite his qualification. *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 268 n.5 (3d Cir.

14  2010); *Carter v. Bentley Motors Inc.*, 489 F.Supp.3d 316, 324 (D.N.J. 2020); *Jones v. Vargas*, No.

15  LA CV19-0440 JAK (SKx), 2019 WL 13253487, at *5 (C.D. Cal. Nov. 6, 2019) (highlighting

16  several California district courts that use this standard notwithstanding the lack of clear Ninth

17  Circuit guidance). Although Plaintiff alleges that he is a member of a protected class, he fails to

18  allege any facts that suggest he qualified for credit.  The fact that a different institution treated him

19  differently does not, standing alone, suffice to demonstrate prejudicial treatment.  The claim is

20  therefore dismissed with leave to amend.

21

22

23  [3] Plaintiff also seems to raise a claim under 15 U.S.C. § 1681(m)(a), which states that any person
    who takes an adverse action "based in whole or in part on any information contained in a
24  consumer report" is required to provide notice of adverse action. That statute, however, does not
    provide a private right of action.  *White v. E-Loan, Inc.*, 409 F. Supp. 2d 1183, 1187 (N.D. Cal.
25  2006) (holding that "the language of the statute is clear" in eliminating private enforcement of the
    rights created by § 1681m.  In his opposition, Plaintiff claims that he does not actually assert a
26  stand-alone claim under this statute and only cited it to bolster his unfair competition claim
    discussed *infra*.  At any rate, to the extent there is any claim alleged under this statute, it fails for
27  the reasons stated.

28                                                      ORDER GRANTING MOT. TO DISMISS
                                                        CASE NO. 25-cv-04174-RS

United States District Court
Northern District of California

### D.    Defamation

Plaintiff also claims that Defendant reported alleged membership fraud to the CRAs in a way that amounts to defamation per se as an unprivileged false statement of fact.  Defendant moves to dismiss this claim, contending that Plaintiff's conclusory discussion of malice and bad faith is insufficient at the pleadings stage, particularly in light of the preemption that Defendant claims to govern state law claims against furnishers as defined by the FCRA.

The motion is granted.  "The FCRA contains two preemption sections restricting state law claims that apply to persons who furnish information under the FCRA."  *Buraye v. Equifax*, 625 F. Supp. 2d 894, 897 (C.D. Cal. 2008).  Under 15 U.S.C. § 1681h(e), "no consumer may bring any action or proceeding in the nature of defamation ... against ... any person who furnishes information to a consumer reporting agency..." This preemption reflects the fact that "Congress intended the FCRA to be the sole remedy against these furnishers." *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1143 (N.D. Cal. 2005).  The only exception is for false information furnished with malice, but the complaint fails to aver facts that could plausibly support a finding of malice.

The second preemption provision under the FCRA is contained in 15 U.S.C. § 1681t(b), which preempts any requirements or prohibitions under state law with respect to matters regulated by the FCRA. Considering that "[t]he majority of district courts in the Ninth Circuit favor the total preemption approach," *Khankin v. JLR San Jose, LLC*, 720 F. Supp. 3d 816, 824 (N.D. Cal. 2024), the defamation claim asserted here is dismissed.

### E.    Fraudulent Misrepresentation

Stating a claim for fraudulent misrepresentation requires alleging facts plausibly sufficient to show five elements: (1) misrepresentation, (2) knowledge of the statement's falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) resulting damage.  *See Hunter v. Up-Right, Inc.*, 6 Cal. 4th 1174, 1184 (1993); *see also Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Moreover, because such a claim sounds in fraud, it must comply with Rule 9(b)'s particularity requirement, which mandates that fraud allegations be "specific enough to give defendants notice

ORDER GRANTING MOT. TO DISMISS
CASE NO. 25-cv-04174-RS

1    of the particular misconduct which is alleged to constitute the fraud charged so that they can

2    defend against the charge and just deny that they have done anything wrong." *Bly-Magee v. Cal.*,

3    236 F.3d 1014, 1019 (9th Cir. 2001) (quotation marks and citation omitted).  Defendant contends

4    that Plaintiff fails to allege any plausible misrepresentation.

5          The motion is granted.  Plaintiff's complaint asserts that Defendant represented he had

6    good standing when it first allowed him to open an account, only to later allege fraud.  This fails to

7    state a claim because predictions as to future events are not actionable on a fraudulent

8    misrepresentation theory; they are expressions of opinion.  *See Bayview Hunters Point Cmty.*

9    *Advocs. v. Metro. Transp. Comm'n*, 366 F.3d 692, 698 (9th Cir. 2004), *as amended on denial of*

10   *reh'g and reh'g en banc* (June 2, 2004).  Crucially, Defendant was relying on Plaintiff's own

11   submissions when it stated that he was a member in good standing, and nothing in the complaint

12   suggests that Defendant knew it would change its opinion other than Plaintiff's conclusory

13   allegations to that effect.  At any rate, the complaint fails to meet rule 9(b)'s particularity

14   requirements.  The claim is therefore dismissed with leave to amend.

15   **F.**      **Consumer Financial Protection Act ("CFPA")**

16         Plaintiff next cites the CFPA, 12 U.S.C. § 5531, and attempts to make a claim over the

17   reporting of false credit data, refusing to provide certain documents, and retaliation after a CFPB

18   complaint.  As Defendant rightly highlights, however, there is no private right of action under this

19   statute.  *See Williams v. Lobel Fin. Corp.*, 673 F. Supp. 3d 1101, 1106 (C.D. Cal. 2023).  This

20   claim is therefore dismissed without leave to amend.

21   **G.**      **Unfair Competition Law**

22         To state a claim under the UCL, a plaintiff must allege, *inter alia*, having "suffered injury

23   in fact" and "lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code

24   § 17204.  Defendant moves to dismiss this claim because Plaintiff has not alleged losing money or

25   property, and on the alternative grounds that Plaintiff has not alleged conduct that would satisfy

26   any of the UCL's three prongs prohibiting unlawful, unfair, or fraudulent conduct.

27         The motion is granted without leave to amend.  A UCL claim cannot proceed absent

United States District Court
Northern District of California

ORDER GRANTING MOT. TO DISMISS
CASE NO. 25-cv-04174-RS

allegations of lost money or property.  *See Ghazarian v. Magellan Health, Inc.*, 53 Cal. App. 5th 171, 193 (2020).  Plaintiff waives this point by failing to address it in opposition.

### H.    Intentional and/or Negligent Infliction of Emotional Distress

Defendant next moves to dismiss Plaintiff's claims for intentional and/or negligent infliction of emotional distress, asserting that each is preempted under the FCRA.  Defendant explains that each claim arises from allegations that it reported certain information about Plaintiff that negatively affected his credit score.

The motion is granted without leave to amend, as such claims for emotional distress are preempted under the FCRA.  *See Buraye*, 625 F. Supp. 2d at 897; *see also Miller v. Bank of Am., Nat. Ass'n*, 858 F. Supp. 2d 1118, 1127 (S.D. Cal. 2012) (dismissing intentional and negligent infliction of emotional distress claims as preempted by FCRA).

### I.    Injunctive Relief

Finally, to the extent Plaintiff aims to assert an independent claim for injunctive relief, the motion to dismiss is granted.  All the claims upon which relief might be granted are dismissed, as explained *supra*.  Injunctive relief is a remedy, not an independent cause of action, and it is not warranted based on the averments in the operative complaint.

## V. CONCLUSION

Defendant's motion to dismiss is granted for the reasons explained.  Leave to amend is granted only as to those claims noted above.


**IT IS SO ORDERED**.


Dated: August 12, 2025

_____
RICHARD SEEBORG
Chief United States District Judge